ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANE R. GREGORY, Individually and | § | FILED AUG - 9 2006 U.S. COURT OF FEDERAL CLAIMS |
| JANE R. GREGORY, Independent Executrix of the Estate of HARBERT S. GREGORY | § | 06-578 C |
| Plaintiffs, | § | |
| v. | § | CIVIL NO.__________ |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Jane R. Gregory, Individually and as Independent Executrix of the Estate of Harbert S. Gregory ("Plaintiffs" or the "Gregorys") is a citizen of the United States of America whose address is 100 Christwood Blvd., Apt. 258, Covington, LA , 70433.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1985)

5. Harbert S. Gregory and Jane R. Gregory filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7260 and XXX-XX-7948, respectively. Mr. Gregory passed away February, 2006.

6. For 1985, Harbert S. Gregory was a limited partner in Agri-Venture Fund ("AVF"), a California limited partnership.

7. AVF timely filed its 1985 Form 1065, partnership tax return.

8. A dispute arose between the IRS and AVF as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

10. On September 3, 2002, the IRS assessed tax liability of $9,619.00 for 1985 against the Gregorys based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $43,022.30 against the Gregorys for 1985.

11. On November 16, 2001, the Gregorys posted a cash bond of $42,891.00 to their 1985 tax account. The remaining balance of $9,750.00 was paid October 7, 2002.

12. On August 2, 2004, the Gregorys filed with the IRS a claim for refund of $9,619.00 of tax and $43,022.30 of interest and §6621(c) penalty interest for 1985.

13. On August 8, 2004, the IRS disallowed that claim.

14. As grounds for recovery, the Gregorys restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated

transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the

partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

15. Over six (6) months have elapsed since the Gregorys filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

16. The Gregorys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Jane R. Gregory, Individually and as Independent Executrix of the Estate of Harbert S. Gregory prays for judgment against the Defendant the United States of America in the amount of $ 52,641.30, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS
JANE R. GREGORY, INDIVIDUALLY AND
INDEPENDENT EXECUTRIX FOR THE
ESTATE OF HARBERT S. GREGORY

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Form **1040X** (Rev. November 2003)

Department of the Treasury — Internal Revenue Service

## Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| HARBERT S | GREGORY | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| JANE R. | GREGORY | [redacted]-9650 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. *(POA ATTACHED, FORM 2848)* | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 ***ADDRESS FOR THIS MATTER ONLY*** | | |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [ ] Yes [X] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 – 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 76,145 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 76,145 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable*** |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 9,619 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Harbert S Gregory 7-26-04 — Your signature, Date

▶ Jane R. Gregory 7-26-04 — Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|
| ▶ Brett A Thompson CPA | 7-20-04 | [X] | P00097501 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | BRETT A. THOMPSON, CPA | EIN | |
| | 20214 KINGSLAND BLVD. KATY TX 77450 | Phone no. 713-965-9244 | |

Form **1040X** (Rev. 11-2003)

*****or such greater amount as is legally refundable, plus interest.***

ISA
STF FED3171F.1

Form 1040X (Rev. 11-2003) Page 2

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 – 31.
If claiming **fewer exemptions,** complete lines 25 – 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse. **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2003 | $3,050 | $104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you ▶ ☐
- did not live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐



STF FED3171F.2

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ **See the separate instructions.**

OMB No. 1545-0150
**For IRS Use Only**
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Harbert S. Gregory and Jane R. Gregory<br>100 Christwood Boulevard, Unit #258<br>Covington, Louisiana 70433 | [redacted]-4372<br>[redacted]-9650 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No. 7800-63703R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, |
| | For CAF purposes input as to 1040 only. | 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, |
| | | 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

HSG JRG

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**
ISA
STF FED4875F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Harbert S. Gregory (signature) — Signature | 7-26-04 — Date | — Title (if applicable)

Harbert S. Gregory
Print Name

Jane R. Gregory (signature) — Signature | 7-26-04 — Date | Spouse — Title (if applicable)

Jane R. Gregory
Print Name

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | TX | (signature) Thomas E. Redding | 7-30-04 |
| A | TX | (signature) Sallie W. Gladney | 7-30-04 |
| A | TX | (signature) Teresa J. Womack | 7-30-04 |

**HARBERT S. GREGORY and JANE R. GREGORY**
**(SSN [redacted]-4372 and SSN [redacted]9650)**
**EXPLANATION - 1985 REFUND CLAIM**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Agri-Venture Fund partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the

taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the

IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers in Paragraphs 4 through 8 which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §6672 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability!

Exhibit - A - Evidence of tax assessment and payment

Form **4549A**

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

Page 1 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Harbert S. & Jane R. Gregory<br>100 Christwood Blvd Apt 258<br>Covington, LA 70433-4614 | [redacted]-4372 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| a. AGRI-VENTURE 33-0115708 | 48,095.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 48,095.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 137,078.00 | | |
| 4. **Corrected Taxable Income** | 185,173.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. **Tax** | 73,228.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 73,228.00 | | |
| 8. **Less Credits** a. General Business Credit | 847.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 72,381.00 | | |
| 10. Plus Other Taxes a. Alternative Minimum Tax | 3,764.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 76,145.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 66,526.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 9,619.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 9,619.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 3.10.02

Form CG-4549A

Exhibit A, P. 1

| Form 4549A | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 2 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Harbert S. & Jane R. Gregory | [redacted]-4372 | 1040 |

| 17. Penalties | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. **Total Penalties** | | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 9,619.00 | | |
| 19. **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 9,619.00 | | |
| b. Penalties (Line 18, Page2)-computed to 08/02/2002 | | | |
| c. Interest (IRC§ 6601)-computed to 09/01/2002 | 0.00 | | |
| d. TMT Interest – computed 9/01/200 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 9,619.00 | | |

**Other Information:**

THIS REPORT REFLECTS ADJUSTMENTS TO YOUR ACCOUNT BASED ON THE TAX COURT CASE FOR AGRI-VENTURE FUND 33-0115708.

IF YOU REQUIRE ANY ADDITIONAL INFORMATION, PLEASE CONTACT YOUR TAX MATTERS PARTNER.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| A. Martin | 179024902 | Brookhaven | 08/02/2002 |

RGS Version 3.10.02

Form CG-4549A

Exhibit A, P. 2

**Department of the Treasury**
**Internal Revenue Service**
**Director**

1040 WAVERLY AVE.
HOLTSVILLE, NY 00501

22201-246-18101 02

DRS #: 0179024902

| | Assessment Date | Trans Code |
|---|---|---|
| 30 198812 | 09/03/2002 | 570 |
| | | 570 |

Date of This Notice: 09/03/2002

If you find it necessary to inquire about your account, please refer to this number: SSN [redacted]-4378

HARBERT & JANE GREGORY
100 CHRISTWOOD BLVD APT 255
COVINGTON LA 70433-4614

Form Number: 1040

Tax Period Ended: 12/31/1988

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 09/03/2002 ADD'L TAX | 9,619.00 | | |
| 09/03/2002 ADD'L TAX | .00 | | |
| 09/03/2002 RSTRCT INT | 43,022.30 | | |
| | | 42,891.00 | |

see enclosed notice

[redacted] 9,760.?? 

Please return this copy with your payment to the address shown above Form 3552 (C)(Part 3) Rev. 9-98)

Exhibit A, P.3

Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: HARBERT S GREGORY & JANE R. GREGORY

Your SSN or ITIN: [redacted]-4372

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester ***(POA ATTACHED, FORM 2848)***

Spouse's SSN or ITIN: [redacted]-9650

City or town, state, and ZIP code: Houston, Texas 77018-7010 *****ADDRESS FOR THIS MATTER ONLY****

Employer identification number (EIN)

Name and address shown on return if different from above:
100 Christwood Blvd, Apt 258
Covington, LA 70433

Daytime telephone number: 713-965-9244

1 Period. Prepare a separate Form 843 for each tax period
From January 1, 1985 to December 31, 1985

2 Amount to be refunded or abated
$ 43,022.30**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 9/3/02 and later

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

*** *or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Harbert S Gregory — 7-26-04
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

Jane R. Gregory — 7-26-04
Signature — Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form **843** (Rev. 11-2002)

Form **2848** (Rev. January 2002) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date / /

## Part I Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Harbert S. Gregory and Jane R. Gregory<br>100 Christwood Boulevard, Unit #258<br>Covington, Louisiana 70433 | [redacted]-4372<br>[redacted]-9650 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No. 7800-63703R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, TX 77018 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, |
| | For CAF purposes input as to 1040 only. | 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, |
| | | 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

HSG JRG

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Harbert S. Gregory — 7-26-04 — —
Signature — Date — Title (if applicable)

Harbert S. Gregory
Print Name

Jane R. Gregory — 7-26-04 — Spouse
Signature — Date — Title (if applicable)

Jane R. Gregory
Print Name

**Part II** **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | TX | Thomas E. Redding | 7-30-04 |
| A | TX | Sallie W. Gladney | 7-30-04 |
| A | TX | Teresa J. Womack | 7-30-04 |

**HARBERT S. GREGORY and JANE R. GREGORY**
**(SSN [redacted]-4372 and SSN [redacted]-9650)**
**EXPLANATION - 1985 REFUND CLAIM**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Agri-Venture Fund partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the

taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the

IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers in Paragraphs 4 through 8 which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §6672 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability!

Exhibit - A - Evidence of tax assessment and payment

| Form 4549A | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 1 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Harbert S. & Jane R. Gregory<br>100 Christwood Blvd Apt 258<br>Covington, LA 70433-4614 | [redacted]-4372 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| a. AGRI-VENTURE 33-0115708 | 48,095.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. Total Adjustments | 48,095.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 137,078.00 | | |
| 4. Corrected Taxable Income | 185,173.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. Tax | 73,228.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 73,228.00 | | |
| 8. Less Credits a. General Business Credit | 847.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. Balance (Line 7 less total of lines 8a through 8d) | 72,381.00 | | |
| 10. Plus Other Taxes a. Alternative Minimum Tax | 3,764.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability (line 9 plus line 10a - 10d) | 76,145.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 66,526.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 9,619.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or (Overpayment) (Line 14 adjusted by Line 15) ( Excluding Interest and penalties) | 9,619.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 3.10.02

Form CG-4549A

Exhibit A, P. 1

Form **4549A**

Department of the Treasury - Internal Revenue Service

## Income Tax Examination Changes

Page 2 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Harbert S. & Jane R. Gregory | [redacted]-4372 | 1040 |

| 17. Penalties | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 9,619.00 | | |
| **19. Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes -- Line 16, Page 1 | 9,619.00 | | |
| b. Penalties (Line 18, Page2)-computed to 08/02/2002 | | | |
| c. Interest (IRC§ 6601)-computed to 09/01/2002 | 0.00 | | |
| d. TMT Interest -- computed 9/01/200 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 9,619.00 | | |

**Other Information:**

THIS REPORT REFLECTS ADJUSTMENTS TO YOUR ACCOUNT BASED ON THE TAX COURT CASE FOR AGRI-VENTURE FUND 33-0115708.

IF YOU REQUIRE ANY ADDITIONAL INFORMATION, PLEASE CONTACT YOUR TAX MATTERS PARTNER.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| A. Martin | 179024902 | Brookhaven | 08/02/2002 |

RGS Version 3.10.02

Form CG-4549A

Exhibit A, P. 2

Department of the Treasury
Internal Revenue Service
Director

1040 WAVERLY AVE.
HOLTSVILLE, NY 00501

22201-246-19101-02

IDRS #: 0179024902

| | Assessment Date | Trans Code |
|---|---|---|
| 30 198612 | 09/03/2002 | 670 |
| | | 570 |

Date of This Notice: 09/03/2002

If you find it necessary to inquire about your account, please refer to this number: GRLG [redacted]-4372

HARBERT & JANE GREGORY
100 CHRISTWOOD BLVD APT 259
COVINGTON LA 70433-4614

Form Number: 1040

Tax Period Ended: 12/31/1986

## Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 09/03/2002 ADD'L TAX | 9,619.00 | | |
| 09/03/2002 ADD'L TAX | .00 | | |
| 09/03/2002 RSTRCT INT | 43,022.30 | | |
| | | 42,821.00 | |

see enclosed notice

[redacted]

9,Y80.89

Please return this copy with your payment to the address shown above Form 3552 (C)(Part 3) Rev. 9-98)

Exhibit A, P. 3